QUINCE, Judge.
Donna L. Fair, fik/a Donna L. Drake, appeals the trial court’s final judgment of foreclosure. We remand this case to the circuit Court because the appellees, Sean and Barbara Kaufman, failed to introduce at trial the original note and mortgage.
On February 24, 1989, State Equity Investment Corporation filed a complaint to foreclose a mortgage against Donna Fair. The complaint alleged Mrs. Fair executed and delivered a note and mortgage on September 3, 1986, and further alleged she defaulted under the note and mortgage. Appellant answered and counterclaimed seeking reformation and/or rescission of the contract. On April 20, 1992, a motion to substitute the Kaufmans as the plaintiffs was filed, and the trial court entered an order of substitution.
The case proceeded to trial on August 20, 1992 and December 4, 1992. At the conclusion of all of the evidence, the court requested written memoranda from the parties. A final judgment of foreclosure was entered in favor of the Kaufmans on March 30, 1993. On appeal appellant argues, inter alia, the *168 final judgment of foreclosure must be reversed because the appellees did not introduce into evidence the original note and mortgage. We agree and reverse.
In order to prevail in a suit on a note and mortgage, the original note and mortgage must be introduced into evidence or a satisfactory reason must be given for failure to do so. W.H. Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla.1955). The record in this case does not indicate the original documents were offered and/or received into evidence. The appellees argue the original note and mortgage were filed and placed into evidence at the summary judgment hearing. This is not sufficient. The introduction of such documents at a summary judgment proceeding does not obviate the necessity for proper introduction at trial. Cf. R.L. Bernardo & Sons, Inc. v. Duncan, 145 So.2d 476 (Fla.1962).
The failure to introduce those original documents precludes the entry of a final judgment. On remand the trial court may again enter a final judgment of foreclosure upon presentation of the original note and mortgage. Pastore-Borroto Development, Inc. v. Marevista Apartments, 596 So.2d 526 (Fla. 3rd DCA 1992) and Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3rd DCA 1989).
The final judgment of foreclosure is reversed and remanded for farther proceedings consistent with this opinion.
RYDER, A.C.J., and PARKER, J., concur.