GROSS, J.
At a trial in a mortgage foreclosure case, the plaintiff did not introduce the original note into evidence. The original note had been filed with the clerk of court and was in the court file in preparation for an earlier scheduled summary judgment hearing. With this explanation, the trial judge admitted a copy of the note in evidence without a best evidence rule objection from the defendants. Later, the trial judge granted the defendants’ motion for dismissal for the plaintiffs failure to offer the original note and mortgage in evidence at the trial. We reverse because the plaintiff satisfied the requirements of the best evidence rule and Florida case law by having surrendered the original note to the court file prior to the time it offered the copy in evidence at trial.
Deutsche Bank National Trust Company sued Ezra and Carol Clarke to foreclose a mortgage on real property. Copies of the original promissory note, mortgage, and assignment were attached to the complaint. Later, the Bank filed the original promissory note, mortgage, and assignment in the court file of this case in anticipation of a motion for summary judgment.
After significant pretrial activity, the case went to trial. The Bank’s only wit *60 ness at trial was a loan servicing specialist. Through the witness, the Bank attempted to move copies of the promissory note, mortgage, and assignment into evidence. The defendants objected on the ground that the witness was not a records custodian for purposes of the business records exception to the hearsay rule. See § 90.803(6), Fla. Stat. (2010).
The trial court reviewed the documents and asked, “For what purpose are you admitting these? Do you have the original documents?” The Bank’s attorney responded, “The originals have been filed with the Court, Your Honor.” Admitting the copies into evidence, the court remarked, “I have no problem admitting those.”
After the Bank rested its case-in-chief, the defendants moved for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b).[1] They argued the Bank had not established a prim a facie case, as it had not provided any evidence that it was the owner and holder of the note. The Bank responded, “At this time, Your Hon- or, we’ve presented the note and we’ve presented the mortgage and the assignment of such. We believe that the documents have spoken for themselves in essence.” The trial court deferred ruling on the motion for involuntary dismissal.
At the close of all the evidence, the defendants renewed their motion for involuntary dismissal but added additional grounds; they argued that the Bank failed to establish a prima facie case because “[t]hey haven’t filed the original note as evidence in this case. They haven’t presented the original mortgage as evidence in this case. So, from a very basis [sic] threshold the Plaintiff has not proven their case in chief.” This was the first time at trial that the defendants expressed a concern that copies of the original documents, and not the originals, were marked as evidence. In its rebuttal argument, the Bank explained that it had not offered the original documents as evidence because they had already filed them in the court file in this case.
Two weeks after the trial concluded, the trial court granted the motion for involuntary dismissal because the original note and mortgage had not been admitted in evidence. The court entered a final judgment for the defendants.
When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party. See Brundage v. Bank of Am., 996 So.2d 877, 881 (Fla. 4th DCA 2008). The appellate court’s review of a ruling on a motion for involuntary dismissal is de novo. Id.

The Requirement to Produce the Original Note at Trial

This case turns on the application of section 90.953, Florida Statutes (2010). Popularly known as the best evidence rule, section 90.953 states the general rule that “[a] duplicate is admissible to the same extent as an original,” but lists three exceptions to the rule. The exception that is relevant here is contained in section 90.953(1), which states, inter alia, that a duplicate is not admissible to the same extent as the original when “[t]he document or writing is a negotiable instrument as defined in s. 673.1041.” § 90.953(1). A *61 promissory note is a negotiable instrument. See Mason v. Rubin, 727 So.2d 283, 284 (Fla. 4th DCA 1999). Therefore, a party who seeks to foreclose on a mortgage must produce the original note.
Professor Ehrhardt explains the reason for this section 90.953(1) exception:
The drafters of the [Evidence] Code excluded duplicates of these documents from the general rule of admissibility because the possessor of the documents is the owner of the obligation that they represent and is the party who may bring a cause of action based on the document. Therefore, the person who possesses the duplicate may not possess the cause of action. For example, suppose A makes a photocopy copy of a promissory note and subsequently negotiates the original to B. Under section 90.953(1), A — the transferor — is not able to sue on the photocopy copy of the promissory note.
Charles W. Ehrhardt, Florida Evidence § 953.1 (2011 ed.) (footnote omitted). This court has recognized that possession of the original note is a significant fact in deciding whether the possessor is entitled to enforce its terms. See Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010). Another reason for the section 90.953(1) exception is “that it protects the defendant against the possible negotiation of the note to a bona fide purchaser for value.” Am. Fin. Corp. v. Webb, 1 Conn.Cir.Ct. 230, 23 Conn.Supp. 346, 183 A.2d 294, 295 (1962); see Lowery v. State, 402 So.2d 1287, 1289 (Fla. 5th DCA 1981).
We disagree with the trial court’s conclusion that a mortgage falls under the section 90.953(1) exception so that the plaintiff was required to offer the original mortgage at trial. A mortgage is not a “negotiable instrument,” a “security,” “or any other writing that evidences a right to the payment of money.” § 90.953(1), Fla. Stat. (2010). “[A] [mjortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt.” Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938).
This was the conclusion of Perry v. Fairbanks Capital Corp., 888 So.2d 725 (Fla. 5th DCA 2004). There, the plaintiff filed the original note, but not the original mortgage. Id. at 726. On appeal from the final judgment of foreclosure, the defendants argued that the plaintiff should have also been required to produce and file the original mortgage. Id. The fifth district rejected this argument and wrote that “the original document that is generally required to be filed with the court in a mortgage foreclosure proceeding is the promissory note, not the mortgage.” Id. A note is a negotiable instrument covered by the best evidence rule, so the original must be produced or reestablished to take it out of the stream of commerce. Id. at 727. A mortgage is a mere incident to a note, not the negotiable instrument itself, so it “may thus be proved by using a properly authenticated duplicate.” Id. at 727. The fifth district concluded that because the original note was filed, the trial court properly considered the duplicate of the mortgage. Id.
The reasoning in Perry, hewing closely to the language of section 90.953, is persuasive. Perry appears to conflict with language in Fair v. Kaufman, 647 So.2d 167, 168 (Fla. 2d DCA 1994). There the second district made this statement of law:
In order to prevail in a suit on a note and mortgage, the original note and mortgage must be introduced into evidence or a satisfactory reason must be given for failure to do so.
As authority for this declaration, the second district cited Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla.1955). However, Downing requires production of only the original note prior *62 to the entry of a decree of foreclosure, not the mortgage. Id. at 488 Neither Downing nor the cases it cited required production of the mortgage in addition to the note; indeed, the cases contain language observing that the mortgage itself is a mere incident to the note.[2] This court has read Downing and the best evidence rule consistently with the way the fifth district applied the two authorities in Pen~y. In State Street Bank & Trust Co. v. Lord, 851 So.2d 790 (Fla. 4th DCA 2003), we relied on the two cases to write: “To maintain a mortgage foreclosure, the plaintiff must either present the original promissory note or give a satisfactory explanation for its failure to do so.” We regard the reference to a mortgage in the portion of Kaufman cited above as dicta, in light of the authorities cited to support the statement.
In this case, when the Bank offered the copy of the note at trial, the defendants’ objection was that the document was hearsay, not that it violated the best evidence rule. It was the trial judge who inquired about the original document. The Bank explained that the original note had been filed in the court file and the trial judge admitted the copy of the note in evidence. There is no dispute that the copy precisely reflects the original. The Bank’s explanation for not offering the original in evidence was that it had already surrendered the note to the court file. We explained the concept of surrender in Johnston v. Hudlett:
[I]n the case of original mortgages and promissory notes, they are not merely exhibits but instruments which must be surrendered prior to the issu-anee of a judgment. The judgment takes the place of the promissory note. Surrendering the note is essential so that it cannot thereafter be negotiated. See Perry v. Fairbanks Capital Corp., 888 So.2d 725, 726 (Fla. 5th DCA 2004). The judgment cancels the note.
32 So.3d 700, 704 (Fla. 4th DCA 2010). Stated differently, surrender removes a note from the stream of commerce, preventing someone else from trying to enforce it against the defendant a second time. The trial judge’s ruling was tantamount to taking judicial notice that the note had been surrendered to the court file and that the rationale underlying the best evidence rule was satisfied. It has long been the law in Florida that a plaintiff in a mortgage foreclosure must produce the original of the note or “make a satisfactory explanation for failure to do so.” Downing, 81 So.2d at 488; see also State Street Bank & Trust, 851 So.2d at 791; Pastore-Borroto Devel., Inc. v. Marevista Apartments, M.B., Inc., 596 So.2d 526 (Fla. 3d DCA 1992). Especially where there is not a dispute that the copy of a note is an exact duplicate of the original, surrender of the note to the court file is one such “satisfactory explanation” for failing to produce the original at trial. The policies underlying the requirement for the original note in section 90.953(1) have been satisfied. Certainly, had the defendants timely objected, a short break in the trial could have produced the court file with the original note for marking as an evidentiary exhibit. How that exercise would have improved the administration of justice is unclear.
*63 In Kaufman, the second district required that the original note and mortgage be “introduced into evidence” at trial and rejected the argument that the law was satisfied by the prior “introduction of such documents at a summary judgment proceeding.” 647 So.2d at 168. That case is distinguishable because it does not indicate that documents were surrendered to the court file and remained there at the time of trial. It appears that the documents were not surrendered because the second district indicated that “[o]n remand the trial court may again enter a final judgment of foreclosure upon presentation of the original note and mortgage.” Id. As authority for this remedy, Fair cited two cases where there was no indication that the note had been surrendered.[3] It would make no common or legal sense to reverse and send the case back to the circuit court merely for the trial judge to affix an evidence stamp on documents already in the court file and then reissue the same final judgment. The law is not a set of rules designed to trap the unwary without any anchor in logic or fairness.
We therefore reverse the final judgment granting the motion for dismissal and remand to the circuit court to consider the case on the merits. It appears that the court focused on the failure to introduce the original note at trial and did not rule on the merits of the foreclosure or the defenses raised. If the court cannot reach the merits based on a transcript of the trial, it should grant a new trial.
MAY, C.J., and DAMOORGIAN, J., concur.

. We note that the defendants called their motion a motion for directed verdict. Typically, in a non-jury action, this motion is called a motion for dismissal. See e.g., Traw-ick, Fla. Prac. & Proc. § 22-13 (1998 ed.).

. See Downing, 81 So.2d at 488 (in a mortgage foreclosure case, "It was incumbent on appellee to produce the original $4,000 note or to make a satisfactory explanation for failure to do so.”); Johns Supply Co. v. McNeeley, 125 Fla. 306, 169 So. 732, 734 (Fla.1936) (“We are cognizant of the fact that it has often been held that the master's report should show the production of the original note in cases where suit is on a note.” (citations omitted)); Lenfesty v. Coe, 34 Fla. 363, 16 So. 277, 278 (Fla. 1894) (”[W]here a personal obligation, such as a note or bond, aside from the mortgage, has been given by the debtor, it must be produced at the hearing, or its absence properly accounted for.”).

. Pastore-Borroto Development, Inc. v. Marevista Apartments, 596 So.2d 526 (Fla. 3d DCA 1992), and Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3d DCA 1989).