TORPY, C.J.
Appellants challenge the summary judgment entered against them in this action on a promissory note. Because we repeatedly see this issue and there appears to be no precedent directly on point, we address Appellants’ contention that Appel-lee’s failure to file the original note at least twenty days before the summary judgment hearing was fatal to his application for summary judgment. We affirm the summary judgment.
*1143 This case involves the interplay between Florida Rule of Civil Procedure 1.510 and section 90.953, Florida Statutes, commonly known as the best evidence rule. Rule 1.510(e) expressly authorizes the attachment of copies of documents to a summary judgment affidavit, but the affidavit must “set forth such facts as would be admissible in evidence.” The best evidence rule provides that a duplicate of a document is admissible to the same extent as an original, unless the document is a negotiable instrument. § 90.953(1), Fla. Stat.
Appellants argue that the best evidence rule applies to summary judgment motions and that the original note must be attached to the affidavit or filed at least twenty days before the hearing. We disagree. The best evidence rule applies to proceedings wherein evidence is introduced. A summary judgment hearing is not such a proceeding. Evidence is not “admitted” in a summary judgment hearing. The purpose of the hearing is to determine whether a trial is necessary. The summary judgment affidavit need only set forth facts that “would be” admissible in a trial. With respect to a note, this means that the affiant must properly authenticate the note and set forth a factual foundation for its admissibility. This foundation may be shown by reference to a copy of the original note that is attached either to the affidavit or the complaint. See Coastal Caribbean Corp. v. Rawlings, 361 So.2d 719 (Fla. 4th DCA 1978) (holding that true and correct copies of note and mortgage attached to complaint satisfied requirements of rule 1.510(e)).
Even assuming that the best evidence rule applies in the summary judgment context, we hold that the presentment of the original note at or before the hearing satisfies that rule. See Deutsche Bank Nat’l Trust Co. v. Clarke, 87 So.3d 58 (Fla. 4th DCA 2012) (best evidence rule satisfied when original note is filed with court prior to trial, even if copies not admitted in evidence).
Of course, the original note must be surrendered before judgment may be entered unless it is properly re-established through pleadings and proof that the instrument is lost or destroyed. Id. at 62. The reason for this requirement is that a negotiable instrument is just that — negotiable. If it is not removed from the stream of commerce, there is a risk that it might be thereafter negotiated. Id. To satisfy the “surrender” requirement, it is not necessary that the original note be attached to the affidavit in support of summary judgment, provided that it is surrendered to the court by filing it with the clerk or judge before judgment is entered on the note. Id.
This does not mean that an original note may be offered at a hearing for the first time to supply some missing piece of the pleading puzzle, such as ownership of the note. That is what happened in the case relied upon by Appellants, Verizzo v. Bank of New York, 28 So.3d 976 (Fla. 2d DCA 2010). There, the plaintiff bank attached a copy of a mortgage to its complaint that did not identify it as the mortgagee. Neither the note nor an assignment to the plaintiff were attached to the complaint. The plaintiff sought summary judgment and filed an affidavit in support. It again failed to attach to the affidavit either the note or an assignment of the note to it. Instead, less than twenty days before the scheduled hearing, the plaintiff “filed” the original note and assignment, which, for the first time in its pleadings, demonstrated its ownership of the note and mortgage. On appeal from the summary judgment in favor of the plaintiff, our sister court reversed because the note and assignment were not timely served. This case does not stand for the proposition cited by Ap *1144 pellants, that an original note must be filed at least twenty days before the hearing, when the purpose for filing the note is to surrender it as a precondition to obtaining a judgment.
We have carefully considered Appellants’ other points on appeal and conclude that they lack merit.
AFFIRMED.
SAWAYA and BERGER, JJ., concur.