NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GINA D. HELLER a/k/a GINA HELLER,  )
                                   )
         Appellant,                )
                                   )
v.                                 )          Case No. 2D14-3530
                                   )
BANK OF AMERICA, NA, successor by  )
merger to BAC HOME LOANS           )
SERVICING, LP f/k/a COUNTRYWIDE    )
HOME LOANS SERVICING LP,           )
                                   )
         Appellee.                 )
_____)

Opinion filed January 27, 2017.

Appeal from the Circuit Court for Manatee
County; Thomas M. Gallen, Senior Judge.

Dineen Pashoukos Wasylik of DPW Legal,
Tampa, for Appellant.

Clive N. Morgan, Jacksonville, and Bryan
S. Kessler of Law Offices of Bryan S.
Kessler, P.A., Venice, for Appellee.


SILBERMAN, Judge.

          After a bench trial, Gina D. Heller appeals a final judgment of foreclosure

in favor of Bank of America, N.A., as successor by merger to BAC Home Loans

Servicing, LP f/k/a Countrywide Home Loans Servicing LP (the Bank). Two issues

require discussion. First, because the trial court erred in admitting a copy, rather than the original, of the promissory note into evidence over an objection based on the best evidence rule, we reverse the final judgment and remand for a new trial. Second, we address the trial court's error in allowing inadmissible hearsay when the Bank's representative testified based on business records that were not admitted into evidence.

In its complaint for foreclosure, the Bank alleged that Federal National Mortgage Association (Fannie Mae) owned the note. The Bank alleged that it was the servicer of the loan, the holder of the note, and authorized by Fannie Mae to bring the action. Attached to the complaint is a copy of the note with the lender listed as Bank of America, N.A. The copy of the note contains an undated, blank endorsement by Bank of America, N.A. Heller filed affirmative defenses, and in one of her defenses she asserted that the Bank could not produce the original note that allegedly obligated her and "dispute[d] that any document now or hereafter filed with this Court is the original Note and demands strict proof thereof."

At trial, the Bank offered a copy of the note into evidence. Defense counsel objected pursuant to section 90.953, Florida Statutes (2014), commonly known as the best evidence rule, because the note was a copy rather than the original. The Bank's counsel made an unsworn representation that the original had been submitted to the clerk's office several days earlier for filing. Defense counsel asserted that it was necessary to submit the original for review by the trial court as the trier of fact. The trial court stated that because the original had been filed with the clerk, the copy would be received into evidence. Defense counsel asserted prejudice by the original not being

present in the courtroom because he had observed in other cases instances where the notice of filing the original actually attached a copy.

The trial court advised defense counsel that the clerk was in the building and that counsel had the opportunity to go look at the documents himself. The court added that it assumed that counsel had waived his right to do so. Defense counsel persisted that he had not waived his right for the trier of fact to review the original note.

One representative of the Bank testified at trial. He testified that the copy of the note he reviewed did not indicate when the endorsement was made or when the Bank had taken possession of the note. Bank of America, N.A., originated the note but sold it at some point to Fannie Mae as an investor. He said the sale "absolutely" would have been sometime before the lawsuit was filed. The representative admitted that he did not have any evidence as to the location of the note when Fannie Mae took ownership or while the Bank's predecessor, BAC Home Loans Servicing, LP, serviced the loan.

During his testimony the representative was asked who owned the note and who serviced the note. The representative stated that based on his employer's business records, including "custodial" records, the Bank was the servicer of the loan and Fannie Mae had a beneficial interest in the note as the investor. Based on these records, the representative stated that "the original note was lent by Bank of America" and that he believed the original note was placed in a Bank of America vault "two days after origination." Defense counsel objected to the admission of this hearsay testimony, asserting that the Bank failed to lay any foundation for this testimony and that the alleged business records were not in evidence or otherwise before the court. The trial

court overruled defense counsel's multiple hearsay objections and allowed the testimony.

At the close of the Bank's evidence, defense counsel moved to dismiss the case based on the insufficiency of the evidence pursuant to Florida Rule of Civil Procedure 1.420(b). Among other things, counsel argued that the Bank failed to introduce sufficient evidence that it possessed the original note, in violation of section 90.953, and that the Bank failed to introduce sufficient evidence of when the endorsement was placed on the note. The trial court denied the motion on these grounds and entered judgment in favor of the Bank.

Although a trial court's decision on the admissibility of evidence is reviewed for an abuse of discretion, that discretion is limited by the rules of evidence. See Sottilaro v. Figueroa, 86 So. 3d 505, 507 (Fla. 2d DCA 2012). We apply a de novo standard of review to the extent that the trial court's ruling is an interpretation of the evidence code and case law construing the code. See id.

The Florida Evidence Code provides that an original of a writing is required to prove the contents of the writing, unless otherwise provided by statute. § 90.952. Section 90.953 allows for the admission of a duplicate "to the same extent as an original" unless certain exceptions apply. The exception relevant here is when the document is a negotiable instrument. See § 90.953(1). A promissory note is a negotiable instrument, see Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013), and thus the evidence code requires that the original be produced at trial, see § 90.953(1); see also Fair v. Kaufman, 647 So. 2d 167, 168 (Fla. 2d DCA 1994) (recognizing that in a foreclosure action the original promissory note must be introduced

- 4 -

into evidence at trial "or a satisfactory reason must be given for failure to do so"). Further, section 702.015(4), Florida Statutes (2014), requires that the original note be filed with the court before entry of a foreclosure judgment or a judgment on the note.

Because a promissory note is a negotiable instrument, it is necessary to surrender the original note to remove it from the stream of commerce and prevent the negotiation of the note to another person. See Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 61 (Fla. 4th DCA 2012); Perry v. Fairbanks Capital Corp., 888 So. 2d 725, 727 (Fla. 5th DCA 2004). In addition, "possession of the original note is a significant fact in deciding whether the possessor is entitled to enforce its terms." Clarke, 87 So. 3d at 61.

The Bank argues that Clarke supports an affirmance, but Clarke is distinguishable. In that case, the bank provided a copy of the note at trial because "[t]he original note had been filed with the clerk of court and was in the court file in preparation for an earlier scheduled summary judgment hearing." Id. at 59. Although the defense did not make a contemporaneous best evidence objection, it did argue at the close of evidence that the bank had failed to prove a prima facie case because it did not present the original note as evidence. Id. at 60. The Fourth District held that the bank "satisfied the requirements of the best evidence rule and Florida case law by having surrendered the original note to the court file prior to the time it offered the copy in evidence at trial." Id. at 59. In doing so, the court concluded that because there was no dispute that the copy and the original note were precisely the same and that the original had been surrendered to the court file, the trial judge's admitting the copy into evidence "was

tantamount to taking judicial notice that the note had been surrendered to the court file and that the rationale underlying the best evidence rule was satisfied." Id. at 62.

In contrast, Heller disputed in her affirmative defenses that the Bank could produce the original to file with the court. There was nothing more than the representation of counsel to establish that the original had indeed been surrendered to the clerk of court and no indication that the trial court had made a comparison of the copy to the original. Moreover, the trial court's suggestion that defense counsel visit the clerk's office to verify that the original had been filed cannot be said to be "tantamount to taking judicial notice that the note had been surrendered to the court file." Id.

The parties did not stipulate that the document in the court file was, in fact, the original note. Without a stipulation by the parties, the trial court cannot rely on an unsworn statement of counsel to make a factual determination. Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So. 2d 838, 840 (Fla. 2d DCA 1994). And neither a trial court nor an appellate court can consider as fact an unproven statement that is documented only by counsel. Id.; see also Deutsche Bank Nat'l Trust Co. v. Huber, 137 So. 3d 562, 564 (Fla. 4th DCA 2014) (stating that the court could not make a leap of faith that a note surrendered to the clerk was the original when such a determination was not supported by the record before it in which only a copy of the note was admitted in evidence).

The Bank, as the proponent of the evidence, failed to carry its burden of proof. See Mazine v. M & I Bank, 67 So. 3d 1129, 1131-32 (Fla. 1st DCA 2011). The trial court had before it only the copy of the note and counsel's unsworn statement as to the filing of the purported original note. Because the trial court improperly admitted the

copy of the note over objection in violation of section 90.953(1), we reverse and remand for a new trial. See Sas v. Fed. Nat'l Mortg. Ass'n, 112 So. 3d 778, 780 (Fla. 2d DCA 2013) (reversing when evidence was improperly admitted over objection to prove the amount of the debt and remanding for further proceedings to properly establish amounts due and owing).

In addition, we address the trial court's admission of hearsay testimony by the Bank's representative. Without personal knowledge, the representative testified regarding when the Bank possessed the note based on business records that were not introduced into evidence. The trial court improperly allowed the Bank's representative to testify over a hearsay objection to the contents of business records that had not been admitted into evidence. See Sas, 112 So. 3d at 779.

Accordingly, we reverse the final judgment of foreclosure and remand for a new trial.

Reversed and remanded.

SLEET and SALARIO, JJ., Concur.