[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14870
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02511-VMC-TBM


ANDRZEJ MADURA,
ANNA DOLINSKA-MADURA,

Plaintiffs-Counter Defendants
-Counter Claimants-Appellants,

versus

BAC HOME LOANS SERVICING, L.P.,
f.k.a. Countrywide Home Loan Servicing, LP,
BANK OF AMERICA, N.A.,

Defendants-Appellees.

COUNTRYWIDE HOME LOANS, INC., et al.

Counter Defendants,

BANK OF AMERICA, N.A. et al.

Counter Claimants,
Third Party-Plaintiff,

UNKNOWN TENANT 1, et al.,

Third Party-Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 4, 2017)

Before MARCUS, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Andrzej Madura and Anna Dolinska-Madura ("the Maduras"), pro se, appeal

the district court's denial of their motion requesting that the court docket and

preserve original loan documents in their foreclosure proceeding.  We affirm.

## I. BACKGROUND

**A. Underlying Facts**

In July 2000, the Maduras obtained a residential home loan from Full

Spectrum Lending, Inc. ("Full Spectrum").[1]  Under the terms of the loan

agreement, the Maduras borrowed $87,750.00 at an adjustable interest rate of

14.375%, secured by their principal residence.  Countrywide Home Loans, Inc.

("Countrywide") purchased the loan from Full Spectrum on July 31, 2000.  In

March 2001, the Maduras contacted Countrywide and requested to repay their loan

---

[1] *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 511 (11th Cir. 2009).

2

in full; Countrywide informed them that a prepayment penalty applied and sent them a payoff demand statement that included a $5,036.84 prepayment penalty.

According to the Maduras, the loan documents they had signed did not include a prepayment penalty. They contended Full Spectrum and Countrywide had destroyed the original loan documents and had fabricated a new adjustable rate note and a Truth in Lending Act ("TILA") disclosure statement, which impermissibly included a prepayment penalty. They also asserted Full Spectrum and Countrywide had forged their signatures on the fraudulent documents.

The Maduras hired a forensic document examiner, who found that their signatures on the TILA disclosure statement and Mr. Madura's initials on the adjustable rate note had been forged. They sent the forensic examiner's report to Countrywide, as well as a letter demanding an immediate rescission of the loan agreement. Countrywide refused to rescind the loan agreement and claimed that Mr. Madura's initials on the promissory note had not been forged. Nevertheless, Countrywide agreed to waive the prepayment penalty.

## B. Underlying Federal Proceedings

After litigating several other actions in state and federal court, in November 2011, the Maduras filed a pro se amended federal complaint in district court against Bank of America, N.A. ("BOA") and BAC Home Loans Servicing, L.P.

3

("BAC Home Loans").[2]  The Maduras alleged that the defendants had violated several provisions of the Real Estate Settlement Procedures Act ("RESPA"). BOA, on its own and as successor by merger to BAC Home Loans, answered the complaint and filed a counterclaim for foreclosure against the Maduras.  While conducting discovery, the district court ordered BOA to allow the Maduras to inspect the original, signed loan documents, which they did, on August 15, 2012. Mr. Madura also inspected the loan documents during his deposition.

After discovery, BOA moved for summary judgment on the Maduras' RESPA claims and on its counterclaim for foreclosure.  Subsequently, on July 12, 2013, the district court ordered BOA to submit the original, signed loan documents to chambers.  On July 16, 2013, the court entered an order stating that it had directed BOA to surrender the original note in this action and that BOA had complied by tendering the note to chambers.

The district court granted BOA's motion for summary judgment because the Maduras had not established that RESPA applied or that BOA had violated any provision of the statute.  The district court also concluded that the Maduras had never rescinded the loan; on the contrary, the Maduras had ratified the loan by continuing to make payments on it.  The court also determined that BOA had

---

[2] According to the amended complaint, Countrywide Home Loans Servicing LP changed its name to BAC Home Loans in April 2009.  Thus, BAC Home Loans began servicing the Maduras' loan on that date.

4

properly authenticated the note and that all of the Maduras' 71 affirmative defenses, including that the note or other loan documents contained forged signatures, were either barred by res judicata or meritless. The court therefore granted BOA's motion for summary judgment on its foreclosure counterclaim.

The Maduras moved for reconsideration and argued that the district court had engaged in impermissible ex parte communications when it acquired the purported original loan documents from BOA. The district court denied the motion. The court entered a final decree of foreclosure on August 13, 2013. Thereafter, the Maduras filed an emergency motion to inspect the alleged original loan documents tendered by BOA to the court. Before the district court ruled on the motion, the Maduras filed a notice of appeal from the final judgment of foreclosure. The district court then denied the emergency motion, finding that the filing of the notice of appeal had divested it of jurisdiction.

In 2014, this court affirmed the district court's judgment. *Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834 (11th Cir. 2014). This court concluded the district court did not engage in ex parte communications by receiving the original note from BOA, affirmed the district court's rejection of the rescission and fraud-based arguments, and concluded that the Maduras failed to present any admissible evidence supporting their contention that the note was forged. *Id.* at 843-46.

5

**C. Motion to Docket and Preserve Original Loan Documents**

After the case was closed, the Maduras filed numerous motions and appeals, all of which were unsuccessful.  The Maduras then filed a motion asking the court to docket 80 pages of BOA's foreclosure documents.  They sought to preserve this evidence for further investigation and litigation.  The Maduras argued that BOA, despite multiple requests, refused to disclose to them these documents that had been sent to the court ex parte, and the court concealed these documents for the next six months, and failed to docket them.

The district court denied the Maduras' motion and noted that, in connection with the foreclosure proceedings, it had directed BOA to submit original documents for the court's inspection.  The Maduras and their expert had the opportunity to inspect these documents and had filed a certified copy of these documents on the record.  The court noted, at this point, the Maduras sought an order barring BOA from retrieving the documents, referencing the threat of future litigation.  The court found, however, that the Maduras always threatened litigation, and BOA could not always be considered in reasonable anticipation of litigation based on the never-ending threats.  The court further found the requests regarding the original documents were redundant and unnecessary, as they had the chance to evaluate the documents and a certified copy had been entered on the docket.  The court concluded that the motion was frivolous and denied it.  The

6

Maduras filed a motion for reconsideration, which the court denied.  The Maduras appealed.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

First, the Maduras argue that the district court lacked subject matter jurisdiction to proceed with the foreclosure proceedings and make a rescission determination that this court subsequently affirmed because the loan rescission issue was not framed by the pleadings.  We review questions regarding subject matter jurisdiction de novo.  *See Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997).  Appellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).  In a given case, a federal district court must have either: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331, or (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The absence of a valid cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010 (1998).

The RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans. *See* 12 U.S.C. § 2605. It provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." *Id.* § 2605(b)(1). Subsection (c) similarly provides that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." *Id.* § 2605(c)(1). The RESPA also provides a loan servicer, upon receipt of a Qualified Written Request ("QWR") for information related to the servicing of a loan, must provide a written response acknowledging receipt of the QWR within 5 business days. *Id.* § 2605(e)(1)(A). If a loan servicer fails to comply with any of these provisions, an individual borrower may recover any actual damages caused by the failure and up to $1,000 in statutory damages if there is a pattern or practice of noncompliance with the RESPA. *Id.* § 2605(f).

Although this court does have a responsibility to examine whether the district court had subject matter jurisdiction over what is being reviewed on appeal, the rescission issue is not relevant to what is at issue in this appeal, as this is an appeal from the denial of a motion to docket and preserve original loan documents. *See Williams*, 269 F.3d at 1318. Also, the district court had federal question jurisdiction in the underlying federal proceeding, as the Maduras raised claims

8

under RESPA.  *Baltin*, 128 F.3d at 1469; 28 U.S.C. § 1331; *see also* 12 U.S.C. § 2605(b), (c), and (e).  Moreover, the Maduras' argument about whether rescission was raised in the pleadings is not a jurisdictional argument.  *See Steel Co.*, 523 U.S. at 89, 118 S. Ct. at 1010.  Instead, it is an argument about the sufficiency of the pleadings, which does not concern whether the district court or this court have subject matter jurisdiction to adjudicate the case.

Despite the Maduras' argument that its prior loan servicers failed to file an action under TILA, 15 U.S.C. § 1635, nothing requires that the prior servicers bring an action in order to provide the district court subject matter jurisdiction over the rescission issue.  *See* 15 U.S.C. § 1635(a)-(i).  Additionally, it appears the Maduras are attempting to disguise their rescission arguments as jurisdictional challenges, as they continue to argue that their mortgage loan was rescinded in 2001; however, in the underlying proceeding and on appeal, the district court and this court previously have determined that the Maduras' loan was not rescinded.  *See Madura*, 593 F. App'x at 843-44.

**B. Motion to Docket and Preserve Original Loan Documents**

The Maduras also argue that the district court abused its discretion by denying the motion requesting that the court docket and preserve original loan documents in the foreclosure proceeding.  We review the denial of post-judgment motions under an abuse of discretion standard.  *Green v. Union Foundry Co.*, 281

9

F.3d 1229, 1233 (11th Cir. 2002).  A district court has inherent authority to manage its own docket in order to achieve the orderly and expeditious disposition of cases.  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).  Under Florida law, a party who seeks to foreclose on a mortgage must produce the original note.  *Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 61 (Fla. 4th Dist. Ct. App. 2012).  "Surrendering the note is essential so that it cannot thereafter be negotiated."  *Johnston v. Hudlett*, 32 So. 3d 700, 704 (Fla. 4th Dist. Ct. App. 2010).  Surrender removes the note from the stream of commerce, preventing another from trying to enforce it against the defendant a second time.  *Clarke*, 87 So. 3d at 62.

The district court ordered BOA to allow the Maduras to inspect the original, signed loan documents, which they did.  Also, the record indicates that Mr. Madura inspected the loan documents during his deposition.  Then, the district court directed BOA to submit the original, signed loan documents for the court's inspection.  The district court entered an order stating that BOA had complied.  *See id.* at 61.  Also, the Maduras filed a certified copy of the original loan documents on the record.  Moreover, we previously have determined that the district court did not engage in ex parte communications by receiving the original note from BOA.  *See Madura*, 593 F. App'x at 846.

10

As to the Maduras' request the district court preserve the original loan documents, neither party is able to remove the note from the court. *See Clarke*, 87 So. 3d at 62. The Maduras' request that the loan documents remain in the court's files is unnecessary and the district court did not abuse its discretion in denying this motion.

## C. Sanctions

Finally, the parties argue that the opposing party should be sanctioned. We have the inherent power to award sanctions. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002). If we determine that an appeal is frivolous, we may, after a separately filed motion and reasonable opportunity to respond, award just damages and single or double costs to the appellee. Fed. R. App. P. 38. A Rule 38 motion must be filed no later than the filing of the appellee's brief. 11th Cir. R. 38-1. Although the parties argued for sanctions in their answer and reply briefs, they have not filed separate motions consistent with the requirements of Rule 38 and 11th Circuit Rule 38-1. Therefore, we do not award sanctions to either party.

**AFFIRMED.**

11