DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS H. MORALES** and **CECILIA MORALES,**
Appellants,

v.

**FIFTH THIRD MORTGAGE COMPANY,**
Appellee.

No. 4D17-1260

[ January 31, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Haimes, Judge; L.T. Case No. CACE11012434.

Ricardo R. Corona and Ricardo M. Corona of Corona Law Firm, P.A., Miami, for appellants.

No appearance for appellee.

PER CURIAM.

Luis and Cecilia Morales appeal from a final judgment for Fifth Third Bank in this suit on a promissory note. We find no error regarding the Notice of Default and Modification Agreement, but we reverse and remand for a new trial, because the trial court erred in admitting a copy, rather than the original, of the promissory note into evidence over appellants' objection based on the best evidence rule.

At trial, when the bank sought to admit a copy of the promissory note into evidence, appellants objected, based on the best evidence rule, section 90.953, Florida Statutes. The bank's counsel advised that the bank was proceeding with the copy until the clerk's office was able to deliver the original from its off-site storage facility to the courthouse. The trial judge ruled as follows on the objection:

> The clerk's office is trying to get it as quickly as possible. They're trying to go over there now. They may have it this afternoon. We'll find out.
>
> So hopefully we get that. Your objection is noted. I will

overrule the objection and allow this in subject to them substituting the original. It certainly meets the business record exception. And as far as the best evidence rule, the objection is preserved.

I guess I can address it further if they don't have the original, but we'll go ahead and when they get the original filed, and they have the original note and it's in there, we'll substitute it in. So the objection is overruled.

At the close of trial, the court stated that it would enter final judgment in favor of the bank. The court emphasized that it would hold off on signing the judgment, however, until after it verified that the original note was in the court file.

The trial court later entered final judgment in favor of the bank. The record does not show that the original promissory note was received into evidence before final judgment was entered.

On appeal, appellants argue that the bank's failure to introduce the original note into evidence over their best evidence objection requires reversal of the final judgment. Appellants contend that this case is similar to *Heller v. Bank of America, N.A.*, 209 So. 3d 641 (Fla. 2d DCA 2017), a case in which the Second District reversed a final judgment of foreclosure against the borrower where the trial court improperly admitted a copy of the note over the borrower's objection under section 90.953, Florida Statutes. We agree with appellants' argument.

"We review the trial court's determination on the admissibility of the evidence for an abuse of discretion, which discretion is limited by the rules of evidence." *Stewart v. Draleaus*, 226 So. 3d 990, 996 (Fla. 4th DCA 2017).

The Florida Evidence Code requires the production of an original of a writing to prove the contents of the writing, unless otherwise provided by statute. § 90.952, Fla. Stat. (2016). A duplicate may be admitted "to the same extent as an original" unless certain exceptions apply. § 90.953, Fla. Stat. (2016). The relevant exception provides that when the document is a negotiable instrument, the original is necessary at trial. § 90.953(1), Fla. Stat. (2016); *Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 60–61 (Fla. 4th DCA 2012).

We are persuaded by our sister court's analysis in *Heller*. There, the bank offered a copy of the note at trial, to which defense counsel objected

pursuant to section 90.953(1), Florida Statutes. 209 So. 3d at 642–43. The bank's counsel then made an unsworn representation that the original had been submitted to the clerk's office several days earlier for filing, but defense counsel argued that it was necessary for the original to be submitted for review by the trial court as the trier of fact. *Id.* at 643. The trial court reasoned that because the original had been filed with the clerk, it would receive the copy into evidence. *Id.* Defense counsel argued prejudice because the original was not in the courtroom and because he had encountered other cases where the notice of filing of the original actually included a copy rather than the original. *Id.* In reaching its decision, the *Heller* court noted that the original was required under the Florida Evidence Code, and added that:

> The parties did not stipulate that the document in the court file was, in fact, the original note. Without a stipulation by the parties, the trial court cannot rely on an unsworn statement of counsel to make a factual determination. *Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd.*, 636 So. 2d 838, 840 (Fla. 2d DCA 1994). And neither a trial court nor an appellate court can consider as fact an unproven statement that is documented only by counsel. *Id.*; *see also Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 564 (Fla. 4th DCA 2014) (stating that the court could not make a leap of faith that a note surrendered to the clerk was the original when such a determination was not supported by the record before it in which only a copy of the note was admitted in evidence).

> The Bank, as the proponent of the evidence, failed to carry its burden of proof. *See Mazine v. M & I Bank*, 67 So. 3d 1129, 1131–32 (Fla. 1st DCA 2011). The trial court had before it only the copy of the note and counsel's unsworn statement as to the filing of the purported original note. Because the trial court improperly admitted the copy of the note over objection in violation of section 90.953(1), we reverse and remand for a new trial. *See Sas v. Fed. Nat'l Mortg. Ass'n.*, 112 So. 3d 778, 780 (Fla. 2d DCA 2013) (reversing when evidence was improperly admitted over objection to prove the amount of the debt and remanding for further proceedings to properly establish amounts due and owing).

*Id.* at 644-45.

Here, as in *Heller*, there was no stipulation by the parties – only the

unsworn statement of counsel regarding the original promissory note's filing with the Clerk. Furthermore, although the trial court stated that it was reserving ruling on appellants' best evidence objection and withholding entry of judgment until the original note was filed, the record fails to show that the trial court actually acquired the original note and received it into evidence before entering final judgment for the bank. Accordingly, we reverse and remand for a new trial. *See Heller*, 209 So. 3d at 645.

*Reversed and Remanded.*

WARNER, TAYLOR and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4