[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10147
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-22250-RNS,
Bkcy No. 12-bkc-27731-AJC

In re: MICHAEL D. LYNCH,
        CANDENCE B. LYNCH,

                                                                                    Debtors,

_____

MICHAEL D. LYNCH,
CANDENCE B. LYNCH,

                                                                        Plaintiffs-Appellants,

versus

DEUTSCHE BANK NATIONAL TRUST COMPANY,
OCWEN LOAN SERVICING LLC,

                                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Michael D. Lynch and Candence B. Lynch, Chapter 7 debtors proceeding pro se, appeal the district court's order affirming the bankruptcy court's grant of summary judgment in favor of Deutsche Bank National Trust (Deutsche) and Ocwen Loan Servicing, LLC (Ocwen) (collectively, the Banks). By way of background, the Lynches initiated an adversary proceeding ultimately seeking to invalidate a mortgage lien on their real property, asserting the Banks could not enforce the lien under Florida law. The Lynches contended there was no evidence of an assignment from their original lender to either of the Banks. They did not, however, dispute the validity of the mortgage or the underlying debt.

After extensive litigation, the Banks moved for summary judgment, attaching affidavits from Donna Walker, Ronaldo Reyes, and Nicole Gostebski. The affidavits collectively purported to establish that: (1) Michael Lynch originally executed a note (the Note) and mortgage (the Mortgage) in favor of New Century Mortgage Company (New Century) for a loan (the Loan) made in the principal amount of $224,000.00; (2) through several assignments, the Note was transferred to Deutsche, as trustee for a securitized trust; (3) New Century, along with several affiliated companies, filed bankruptcy in Delaware after the assignment; (4) during the pendency of the adversary proceeding in this case, a liquidation trustee from

2

New Century's bankruptcy in Delaware issued a power of attorney (POA) authorizing Deutsche to execute any documentation necessary to effectuate transfer of the Loan; (5) Deutsche executed an allonge (the Allonge) assigning the Note to itself as trustee for the securitized trust; and (6) Ocwen, as Deutsche's servicer for the loans in the securitized trust, possessed the Note.

Based on the facts set forth in the affidavits, the Banks argued they were entitled under Florida law to enforce the Note and the Mortgage as: (1) "holders" in possession of the Note with a "blank indorsement"; (2) "holders" in possession of the Note through a "special indorsement," by way of the Allonge; or (3) "nonholders" in possession of the Note with rights of a holder.  The bankruptcy court issued a ruling in the Banks' favor on all three points.  The Lynches appealed to the district court, which affirmed the majority of the bankruptcy court's conclusions.

In their appeal to this Court, the Lynches challenge certain evidentiary rulings made by both the district and bankruptcy courts, along with those courts' conclusions that Deutsche and Ocwen can enforce the Note and the Mortgage.[1] After review,[2] we affirm.

---

[1] We decline to consider many of the Lynches' arguments because they were not properly raised below.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298 (11th Cir. 2003).  For example, we do not address: (1) whether the copies of the Note attached to the Banks' filings were invalid because a date stamp indicated they were actually "copies of copies"; (2) whether the law-of-the-case doctrine applied to arguments concerning the blank indorsement stamp; (3) the date discrepancy

## I.  DISCUSSION

### A.  *Evidentiary Rulings*[3]

The Lynches first challenge the bankruptcy court's decision to admit

Walker's affidavit into the summary-judgment record.[4]  Walker stated in her

affidavit that she based her testimony on her experience as a former employee of

New Century and as a consultant to the trustee of the liquidation trust for the New

Century entities.  She further stated that she reviewed the New Century entities'

---

between the affidavit of Donna Walker and the POA; (4) whether the POA violated the terms of the Delaware Modified Confirmation Order; or (5) whether the Allonge sufficiently established the chain of succession from New Century to Deutsche.  To the extent the Lynches contend these arguments may be raised at this stage of the proceedings, based on Florida state courts that have allowed litigants to raise new challenges to "sufficiency of the evidence" on appeal, their contention is without merit.  This is not a Florida state-court proceeding, and the Lynches are not raising a sufficiency-of-the-evidence challenge following a trial on the merits.  We similarly decline to consider evidence submitted to the district court on appeal that was not originally submitted to the bankruptcy court.  *See Gen. Dev. Corp. v. Atlanta Gulf Cmtys. Corp.* 84 F.3d 1364, 1369 (11th Cir. 1996).  Thus, we will not consider the effect, if any, of records not submitted to the bankruptcy court.  To the extent the Lynches' arguments are not waived or otherwise addressed in this opinion, we conclude they lack merit and do not warrant further discussion.

[2] "As the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court."  *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005) (quotation omitted).

[3] We review a bankruptcy court's evidentiary rulings for abuse of discretion.  *In re Int'l Mgmt. Assocs., LLC*, 781 F.3d 1262, 1265 (11th Cir. 2015).  Under this standard, we will not reverse an evidentiary ruling unless it amounts to a clear error of judgment.  *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994).

[4] The Lynches also object to the bankruptcy court's admitting the affidavits of Reyes and Gostebski.  Those objections were not preserved for appeal, however, because they were not raised timely or specifically before the bankruptcy court.  *See* Fed. R. Evid. 103(a)(1).  Even if the Lynches' objections had been preserved, however, we would conclude the bankruptcy court acted within its discretion.

4

business records related to the Loan in forming her testimony, that she had custody and control over those records, that the records were created in the ordinary course of business at or around the time of the events they described, and that the records were kept as part of the ordinary course of business of the New Century entities. The bankruptcy court was within its discretion to determine that Walker's affidavit provided a basis for her personal knowledge of the facts she asserted and that it demonstrated her competency to testify on the matter, based on her experience and a review of records that fell within the business-records exception to the rule against hearsay.  *See* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 803(6).  Thus, the bankruptcy court did not abuse its discretion by determining that any statements conveyed from New Century's business records were *admissible* hearsay.[5]  *See* Fed. R. Evid. 803(6).

To the extent the Lynches object on the basis that one or more of the original business records reviewed or referenced by Walker was not itself admitted into

---

[5] We are not persuaded by the Lynches' citation to Florida authorities holding that, under Florida's evidentiary rules, statements based on the contents of business records are inadmissible as hearsay unless the underlying business records are separately entered into evidence. *See, e.g.*, *Heller v. Bank of Am., NA*, 209 So. 3d 641, 645 (Fla. 2d DCA 2017); *Sas v. Fed. Nat'l Mortg. Ass'n*, 112 So. 3d 778, 779–80 (Fla. 2d DCA 2013).  Nothing in Federal Rule of Evidence 803(6) suggests the hearsay exception applies to statements made in business records only if the records have been separately admitted into evidence.  If a proper foundation has been provided to show that a business's record-keeping practices are sufficiently reliable under Rule 803(6), statements from the business's records are not inadmissible as hearsay—regardless of whether the records are separately admitted into evidence.  If, however, a witness testifies about the contents of documents that have not been separately admitted into evidence, that testimony may be excluded under Federal Rule of Evidence 1002, provided that an exception to the so-called "best-evidence rule" does not apply.

evidence, they did not preserve an objection based on the so-called "best-evidence rule." *See* Fed. R. Evid. 1002; *see also* Fed. R. Evid. 103(a)(1) (preserving an evidentiary objection requires that the objection be both timely and specific); *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985) ("[O]bjections to the admission of evidence . . . are preserved only if they are timely and state the specific ground of objection, if the specific ground was not apparent from the context." (quotations omitted)).[6]  Likewise, the Lynches did not preserve objections based on relevance or impermissible legal conclusions purportedly provided in Walker's testimony.  The only objection articulated to the bankruptcy court was that Walker's statements were inadmissible hearsay.  The bankruptcy court did not abuse its discretion by overruling that objection and admitting the Walker affidavit into the summary-judgment record.

The Lynches also did not show that the bankruptcy court failed to consider the evidence they submitted.  As an initial matter, although the bankruptcy court

---

[6] Even if a best-evidence objection were preserved, the Lynches have not identified which specific statements in Walker's affidavit seek to *prove the contents* of specific documents that either were not admitted elsewhere into the summary-judgment record or that could not otherwise have been admitted into evidence. *See Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994) ("[T]here is no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power.  Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing.  It does not, however, require production of a document simply because the document contains facts that are also testified to by a witness." (quotations and citations omitted)).  Moreover, the Lynches have not demonstrated a legitimate basis for questioning the admissibility of duplicate records under Federal Rule of Evidence 1003.  Nor have they demonstrated that records were destroyed in bad faith, such that testimony concerning the contents of those records would not be permitted under Federal Rule of Evidence 1004(a).

did not expressly exclude them, the Lynches' communications with Mark Indelicato were offered to prove the truth of a matter asserted by Indelicato in the communications—that records relied upon in Walker's affidavit were destroyed. The communications therefore constituted hearsay, and the Lynches did not provide an applicable hearsay exception. *See* Fed. R. Evid. 801(c), 802. Thus, even if the bankruptcy court did not consider Indelicato's statements, it was not an abuse of discretion.

Likewise, the bankruptcy court did not abuse its discretion in its treatment of the purported expert report provided by Kathleen G. Cully.[7] Cully opined that the Banks' evidence was legally insufficient to establish ownership of the loan under the Uniform Commercial Code. That, however, is a legal conclusion, and "questions of law are not subject to expert testimony." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128–29 (11th Cir. 2018). The Lynches point to no *facts* contained in Cully's report on which Cully demonstrated competency to testify for purposes of summary judgment. The bankruptcy court therefore did not abuse its discretion by choosing not to credit Cully's purported expert report.

---

[7] Cully's report acknowledged both that she is not licensed in Florida and that her legal opinions were not based on the governing law of Florida. *See* ER 6968 ("My conclusions are based on the standard UCC . . . . As an attorney admitted to practice only in New York, I express no opinion as to Florida law.").

7

*B.  Enforceability of the Lien*[8]

 We now turn to the bankruptcy court's determination that the Banks can enforce both the Note and the Mortgage.  The Lynches' overarching argument on this point rests on a flawed legal premise—that a claim must be disallowed (and a corresponding lien extinguished) if a particular creditor cannot prove it owned the claim on the date the bankruptcy petition was filed.  Specifically, the Lynches contend that the secured proof of claim *they* filed on behalf of Deutsche must be disallowed because Deutsche cannot prove it held the Note when the Lynches filed their bankruptcy petition in 2012.  From that premise, they contend the lien on their property is void under 11 U.S.C. § 506(d).

 The Bankruptcy Code does not support the Lynches' position.  Under the Code, the term "claim" is defined as either the "right to payment" or the "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . . . "  11 U.S.C. § 101(5).  The term "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."  *Id.* at § 101(10)(A).  Under these definitions, the claim itself (the right to either payment or an equitable remedy) must exist before the debtor's voluntary petition—not a particular creditor's interest in the claim.  A

---

[8] We review a bankruptcy court's legal conclusions de novo.  *In re Int'l Admin. Servs.*, Inc., 408 F.3d at 698.

8

creditor's interest in a claim can be acquired later.  Indeed, the Federal Rules of Bankruptcy Procedure specifically contemplate claims being transferred after a proof of claim has been filed.  *See* Fed. R. Bankr. P. 3001(e).  Thus, there is no merit to the Lynches' contention that the Banks cannot enforce the Note or the Mortgage if they could not enforce them in 2012.[9]

That leaves only the Lynches' arguments that the summary-judgment record does not establish that the Banks are entitled to enforce the Note and the Mortgage under Florida law.  We agree with the district court's conclusions and its reasoning on this issue.[10]

## II.  CONCLUSION

The bankruptcy court did not abuse its discretion by admitting Walker's affidavit.  Nor did it err in its treatment of the evidence presented by the Lynches.  Based on the summary-judgment evidence, the district court correctly affirmed the judgment of the bankruptcy court.

**AFFIRMED**.

---

[9] The Lynches concede as much in their reply brief, choosing instead to focus on their contention that, regardless of when the POA and the Allonge were executed, the Allonge is void because the Banks did not adequately prove a complete chain of effective transfers from New Century to the securitized trust.  As noted above, that argument has been waived because it was not first made to the bankruptcy court.

[10] Like the district court, we do not think it is necessary to determine whether the blank stamp was a valid indorsement under Florida law.