# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1407
Lower Tribunal No. 12-44686
_____


**Carl Arnoux,**
Appellant,

vs.

**Bank of New York, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Korte & Wortman, P.A., and Scott J. Wortman (West Palm Beach), for appellant.

Lapin & Leichtling, LLP, and Justin G. Prociv and Jeffrey S. Lapin, for appellees.


Before LAGOA, SALTER and SCALES, JJ.

SCALES, J.

Carl Arnoux, the plaintiff below, appeals an order of the Miami-Dade Circuit Court dismissing, with prejudice, Arnoux's declaratory judgment and quiet title action, which Arnoux brought against his mortgage lender, Bank of New York (the "Bank"), among others. Based on this Court's recent *en banc* decision in the case of Deutsche Bank Trust Co. Americas v. Beauvais, we affirm.

**I. Facts**

On March 31, 2006, Arnoux obtained a mortgage from a predecessor of the Bank. The mortgage, encumbering a Miami residential property, secured a promissory note in the principal amount of $354,445 (the "Mortgage"). The note required Arnoux to make monthly installment payments until the maturity date of April 1, 2036. Arnoux failed to make the installment payment that was due on April 1, 2007, placing the Mortgage and underlying promissory note into default.

The Bank filed its first foreclosure action in circuit court on September 4, 2007. The Bank alleged payment defaults from April 2007 through September 2007. The Bank's complaint in this 2007 action reflects that, pursuant to the note's acceleration provision, the Bank accelerated Arnoux's indebtedness.

On the Bank's own motion, the trial court, on April 12, 2012, dismissed the Bank's 2007 foreclosure action without prejudice.

Then, on November 14, 2012, Arnoux filed a complaint seeking both to obtain declaratory relief and to quiet title to real property. In his lawsuit against the

2

Bank, Arnoux alleged that the Bank, in its 2007 foreclosure suit, had exercised its contractual right to accelerate the amounts due under the note and Mortgage; therefore, as Arnoux further alleged, the running of the five-year statute of limitations barred the Bank's enforcement of the note and Mortgage.[1]

The trial court granted the Bank's motion to dismiss Arnoux's complaint, allowing Arnoux leave to file an amended complaint. Arnoux amended his complaint,[2] which was met again by the Bank's motion to dismiss for failure to state a cause of action. On May, 14, 2014, the trial court dismissed Arnoux's amended complaint with prejudice. This appeal ensued.

**II. Analysis**

We review a trial court's dismissal of a complaint for failure to state a cause of action under a de novo standard. Wallace v. Dean, 3 So. 3d 1035, 1045 (Fla. 2009).

Our decision is governed by this Court's recent *en banc* decision in Deutsche Bank Trust Company Americas v. Beauvais, No. 3D14-575 (Fla. 3d DCA April 13, 2016).

---

[1] We note that, on February 28, 2013, the Bank filed another foreclosure action. In this second foreclosure action, the Bank alleged payment defaults from February 2008 through February 2013.

[2] The amended complaint alleges, with greater specificity than what was set forth in the initial complaint: (i) the Bank's September 1, 2007 acceleration of Arnoux's full debt; and (ii) the Bank's second foreclosure action of February 28, 2013, which was filed more than five years after Arnoux's initial default.

3

In the Beauvais case, this Court held that the five-year statute of limitations in foreclosure actions does not bar a second foreclosure lawsuit filed on a subsequent payment default if that subsequent default occurred within the five-year period preceding the commencement of the second foreclosure lawsuit.

Arnoux's action against the Bank was founded exclusively upon Arnoux's assertion that the Bank was precluded from enforcing the note and Mortgage because of the running of Florida's statute of limitations. Our decision in Beauvais disposes of this assertion. Therefore, we affirm the dismissal of Arnoux's lawsuit.

Affirmed.