DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARLENE RATTIGAN** and **ERROL RATTIGAN,**
Appellants,

v.

**CENTRAL MORTGAGE COMPANY,**
Appellee.

No. 4D15-1087

[June 1, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. CACE 13-004386 (11).

Evan M. Rosen of Law Offices of Evan M. Rosen, P.A., Fort Lauderdale, for appellants.

Shaib Y. Rios of Brock & Scott, PLLC, Fort Lauderdale, for appellee.

FORST, J.

Appellants Marlene and Errol Rattigan had their property foreclosed upon by Appellee Central Mortgage Company ("the Bank"). Because the Bank failed to introduce the note that was the basis for the foreclosure, we reverse and remand for the entry of involuntary dismissal.[1]

Rulings on motions for involuntary dismissal are reviewed de novo. *Deutsche Bank Nat'l Tr. Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014). This Court must view the evidence in the light most favorable to the nonmoving party. *Id.*

The best evidence rule, codified at section 90.952, Florida Statutes (2015), says that "[e]xcept as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph." *Id.* None of the exceptions to the rule are applicable in this case. When the terms of an agreement are

---

[1] This determination renders moot Appellants' second argument, regarding the surrender of the modification to the note.

necessary for resolution of an issue brought before a court, the failure to introduce the agreement itself into evidence violates the best evidence rule. *J.H. v. State*, 480 So. 2d 680, 682 (Fla. 1st DCA 1985). Without the agreement itself in evidence, testimony regarding the contents of the agreement is not permitted. *Id.*

Here, the original note which was introduced into evidence capped the principal amount that could be owed at $747,500. The Bank sought to, and eventually did, recover approximately $760,000 in principal. To explain this discrepancy, the sole witness at trial testified that the loan had been modified, in writing, in 2012 and that the modification either raised or eliminated the original cap.

The Bank was clearly proceeding under the modified note, i.e., a different note. This written modification was as much a part of the parties' agreement as the original note itself. The Bank violated the best evidence rule by virtue of its failure to introduce the modification at trial (either the original or a duplicate with an explanation as to why the original note was unavailable, *see Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 62 (Fla. 4th DCA 2012)). *J.H.*, 480 So. 2d at 682. Without the introduction of the modification, all testimony regarding the contents of that modification, including the testimony supporting the $760,000 sought, was erroneous. *Id.* As a result, there is no proper evidence in the record which could support the final judgment.

We therefore reverse the final judgment of foreclosure entered below and remand for the entry of involuntary dismissal.

*Reversed.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***