DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOANNE LIUKKONEN,**
Appellant,

v.

**BAYVIEW LOAN SERVICING, LLC,**
Appellee.

No. 4D16-4193

[March 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE 13-004110(11).

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellant.

Cynthia L. Comras, David Rosenberg and Jarrett Cooper of Robertson, Anschultz & Schneid, P.L., Boca Raton, for appellee.

FORST, J.

Appellant Joanne Liukkonen appeals a final judgment of foreclosure entered against her and her husband. She contends Appellee Bayview Loan Servicing, LLC, violated the best evidence rule when it introduced mere copies of the loan modifications without explanation. We disagree and affirm. We write to clarify our jurisprudence on this issue and affirm without comment all other issues raised by Appellant.

## Background

At trial, Bayview introduced an original note, but only introduced copies of the loan modifications (which affected the interest rates) and offered no explanation as to why it did not produce the originals. Appellant offered no objection at the time, but objected during closing and in her motions to strike and for rehearing. The objections were overruled.

## Analysis

We review evidentiary rulings for abuse of discretion. *Holt v. Calchas,*

*LLC*, 155 So. 3d 499, 503 (Fla. 4th DCA 2015). As a preliminary matter, Appellant has waived her best evidence rule objection because she failed to make it contemporaneously with the introduction of the copies. *See Johnston v. Hudlett*, 32 So. 3d 700, 704 (Fla. 4th DCA 2010).

We nevertheless address the merits on this issue to clarify our decision in *Rattigan v. Central Mortgage Co.*, 199 So. 3d 966 (Fla. 4th DCA 2016). There, a bank introduced an original note, but violated the best evidence rule by foreclosing under the terms of a modification without introducing the original *or a copy* into evidence. We held that "[w]ithout the agreement itself in evidence, testimony regarding the contents of the agreement is not permitted." *Id.* at 967 (citing *J.H. v. State*, 480 So. 2d 680, 682 (Fla. 1st DCA 1985)). Therefore, there was no proper evidence to support foreclosure under the terms of the modified note.

We noted in dicta:

> The Bank violated the best evidence rule by virtue of its failure to introduce the modification at trial (either the original or a duplicate with an explanation as to why the original note was unavailable, *see Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 62 (Fla. 4th DCA 2012)).

*Rattigan*, 199 So. 3d at 967 (citing *J.H.*, 480 So. 2d at 682). In *J.H.*, the court simply held the Health and Rehabilitative Services' failure to introduce an agreement it entered into with a mother—the nonfulfillment of which was the basis for its dependency petitions—violated the best evidence rule. 480 So. 2d at 682 (citing § 90.952, Fla. Stat. (1983)).

The foreclosing bank in *Clarke* introduced a copy of a promissory note into evidence. *Clarke*, 87 So. 3d at 59. We noted that "[a] duplicate is . . . admissible to the same extent as an original," unless "[t]he document or writing is a negotiable instrument as defined in s. 673.1041." *Id.* at 60 (first and third alterations in original) (quoting § 90.953(1), Fla. Stat. (2010)). "A promissory note is a negotiable instrument," thus requiring production of the original. *Id.* at 60-61. We explained the reasons for the exception: (1) the document itself is the source of the obligation, not just the terms; and (2) "surrender removes a note from the stream of commerce, preventing someone else from trying to enforce it against the defendant a second time." *Id.* at 60-62. Therefore, a foreclosing party must produce and surrender the note or reestablish it to take it out of the stream of commerce or give another "satisfactory explanation" for its failure to produce the original. *Id.* at 61-62 (quoting *State St. Bank & Tr. Co. v. Lord*, 851 So. 2d 790, 791 (Fla. 4th DCA 2003)).

2

Earlier surrender of the note to the court file was "one such 'satisfactory explanation' for failing to produce the original at trial." *Id.* at 62.

A modification to a note, while "as much a part of the parties' agreement [i.e., its terms] as the original note," *Rattigan*, 199 So. 3d at 967, is not, itself, a negotiable instrument. *See* § 673.1041, Fla. Stat. (2016); *see also* § 673.1171, Fla. Stat. (2016). Like a mortgage, it "may thus be proved by using a properly authenticated duplicate." *Clarke*, 87 So. 3d at 61 (quoting *Perry v. Fairbanks Capital Corp.*, 888 So. 2d 725, 727 (Fla. 5th DCA 2004)). No explanation as to why the original was unavailable is required.

Therefore, the trial court correctly admitted copies of the modifications and accompanying testimony. Appellant did not timely challenge their authenticity or the fairness of using copies, § 90.953(2)-(3), Fla. Stat. (2016), thus waiving any such challenge.

## Conclusion

Appellant failed to preserve her best evidence rule objection, and she misconstrues the holding of *Rattigan*. A copy of a modification is admissible to the same degree as an original, as it is not a negotiable instrument as defined in section 673.1041. § 90.953, Fla. Stat. (2016).

*Affirmed.*

LEVINE and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

3