IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 30, 2018

JAMES McCAMPBELL,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D16-177
                                     )
FEDERAL NATIONAL MORTGAGE            )
ASSOCIATION,                         )
                                     )
            Appellee.                )
_____)

BY ORDER OF THE COURT:

             Upon consideration of the Appellant's motion for rehearing, rehearing en

banc, and request to certify conflict filed on February 23, 2018, and the Appellee's

motion for rehearing/reconsideration/clarification of order granting Appellant's motion for

attorney's fees incurred on appeal filed on February 26, 2018,

             IT IS ORDERED on the court's own motion that the opinion dated

February 14, 2018, is hereby withdrawn and the attached opinion is substituted therefor.

Both the Appellant's motion for rehearing, rehearing en banc, and request to certify

conflict and the Appellee's motion for rehearing/reconsideration/clarification of order

granting Appellant's motion for attorney's fees incurred on appeal are denied.  No

further motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

JAMES McCAMPBELL, )
)
      Appellant, )
)
v. )    Case No. 2D16-177
)
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
)
      Appellee. )
_____ )

Opinion filed May 30, 2018.

Appeal from the Circuit Court for Sarasota
County; Lee Haworth, Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellant.

Robert R. Edwards of Choice Legal Group,
P.A., Fort Lauderdale, for Appellee.


CASANUEVA, Judge.

      In this appeal from a final judgment of foreclosure, James McCampbell

contends that the trial court erred in admitting copies of his loan modification

agreement, and Federal National Mortgage Association (Fannie Mae) concedes that the

admission of the copies was improper.  Accordingly, we reverse.[1]

---

      [1]We do not find merit in Fannie Mae's argument that the appeal should be affirmed based on the tipsy coachman doctrine because, although the trial court took judicial notice of certain bankruptcy pleadings, no other pleading accompanied the judicial notice request.

On October 26, 2007, Mr. McCampbell signed the original mortgage and promissory note on the property, and on July 14, 2010, an agreement modifying the original loan and all of the original loan documents was executed. At trial, Fannie Mae called one witness to testify and that witness did not produce the original loan modification agreement nor did the witness explain its absence. Rather, Fannie Mae sought the admission of a copy of the agreement. Over objection, the trial court admitted the copy.

During this appeal, Fannie Mae conceded that the admission in evidence of the copy of the loan modification agreement, without an explanation by Fannie Mae as to its failure to produce the original, was error. For purposes of this appeal, we accept Fannie Mae's concession of error.

We note that since the oral argument of this matter, the Fourth District Court of Appeal has clarified its prior holding in Rattigan v. Central Mortgage Co., 199 So. 3d 966 (Fla. 4th DCA 2016). In Liukkonen v. Bayview Loan Servicing, LLC, No. 4D16-4193, 2018 WL 1517240, at *2 (Fla. 4th DCA Mar. 28, 2018), the court held that "[a] copy of a modification is admissible to the same degree as an original, as it is not a negotiable instrument as defined in section 673.1041."

We reverse and remand for a new trial. See Heller v. Bank of Am., NA, 209 So. 3d 641, 645 (Fla. 2d DCA 2017) (reversing and remanding final judgment of foreclosure for a new trial where trial court improperly allowed the bank's witness to give hearsay testimony regarding content of business records which had not been admitted into evidence).

Reversed and remanded for further proceedings.

SALARIO and BADALAMENTI, JJ., Concur.