# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2041
Lower Tribunal No. 16-21309
_____

**The Bank of New York Mellon, etc.,**
Appellant,

vs.

**Nestor Garcia, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Akerman, LLP, and Nancy M. Wallace (Tallahassee), Eric M. Levine (West Palm Beach) and William P. Heller (Fort Lauderdale), for appellant.

Corona Law Firm, P.A., and Ricardo Corona and Ricardo M. Corona; Dennis A. Donet, for appellee Nestor Garcia.

Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

## INTRODUCTION

Plaintiff below, The Bank of New York Mellon ("Bank"), appeals a final judgment of involuntary dismissal of a foreclosure action entered in favor of Nestor Garcia ("Garcia"). We reverse the final judgment because the trial court erred in ruling that a duplicate of the loan modification agreement was inadmissible under the "Best Evidence Rule," and further erred in concluding that the Bank's action was barred by the statute of limitations.

## FACTS AND PROCEDURAL BACKGROUND

In February 2006, Garcia obtained a residential loan from Countrywide Home Loans, Inc. In exchange for this loan, Garcia executed a $312,000.00 promissory note and mortgage in favor of Countrywide. Garcia failed to make his monthly loan payments beginning on April 1, 2008. The Bank became the subsequent holder of the note and, in 2008, filed an initial foreclosure action against Garcia. That initial foreclosure action was dismissed in 2010.

On August 16, 2016, the Bank filed the present foreclosure action, alleging that Garcia defaulted on the note by failing to make the payment due on April 1, 2008 and all subsequent payments. Garcia answered the complaint, admitting that he executed the note, mortgage, and loan modification agreement, but asserted that the action was barred by the statute of limitations. Garcia later filed an amended

2

answer where he again asserted the action was barred by the statute of limitations, but denied he executed the note, mortgage, or loan modification agreement.

At the nonjury trial, the Bank introduced the original note and mortgage, the notice-of-default letter and a payment history reflecting all amounts Garcia paid on his loan. The Bank called a single witness: Laura Elder, a consumer resolution associate at the Bank, who testified as to the default dates, the holder of the note, and the outstanding principal balance.

The Bank sought to introduce into evidence a duplicate of the loan modification agreement executed by the parties. Garcia objected, asserting that, under the "Best Evidence Rule" (section 90.952, Florida Statutes (2016)), the original was required. Garcia asserted that section 90.953, Florida Statutes (2016), which provides for admission of duplicates in lieu of originals, was inapplicable because the loan modification agreement is a "negotiable instrument," and thus excluded under the express language of section 90.953. The trial court sustained the objection and denied admission of the loan modification agreement duplicate.

Garcia called no witnesses and offered no exhibits at trial. After both parties rested, Garcia moved for a judgment of involuntary dismissal, relying on Rattigan v. Central Mortgage Co., 199 So. 3d 966 (Fla. 4th DCA 2016), and contending that the failure to introduce the loan modification agreement was fatal to the Bank's case. Additionally, Garcia argued that, under Collazo v. HSBC Bank USA, N.A.,

3

213 So. 3d 1012 (Fla. 3d DCA 2016), because the initial default date alleged in the complaint (April 1, 2008) was more than five years before the complaint was filed (August 16, 2016), the action was barred by the statute of limitations. The trial court agreed with both arguments, and entered a final judgment in favor of Garcia.

The trial court denied the Bank's motion for rehearing, and this timely appeal followed.

**ANALYSIS**

**Exclusion of a Duplicate of the Loan Modification Agreement**

We hold that the trial court erred in excluding a duplicate of the loan modification agreement offered into evidence by the Bank. Evidentiary rulings are generally reviewed under an abuse of discretion standard. See Holt v. Calchas, LLC, 155 So. 3d 499, 503 (Fla. 4th DCA 2015). However, to the extent that such ruling is based upon construction of a statute or rule, our standard of review is de novo. Griffin v. State, 980 So. 2d 1035 (Fla. 2008); Wheaton v. Wheaton, 217 So. 3d 125 (Fla. 3d DCA 2017).

Section 90.952 provides:

Requirement of originals.

Except as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph.

Section 90.953 provides:

4

Admissibility of duplicates

A duplicate is admissible to the same extent as an original, unless:

(1) The document or writing is a negotiable instrument as defined in s. 673.1041[1], a security as defined in s. 678.1021, or any other writing that evidences a right to the payment of money, is not itself a security agreement or lease, and is a type that is transferred by delivery in the ordinary course of business with any necessary endorsement or assignment.

(2) A genuine question is raised about the authenticity of the original or any other document or writing.

(3) It is unfair, under the circumstance, to admit the duplicate in lieu of the original.

In order to admit a document into evidence, "[a]uthentication or identification of evidence is required as a condition precedent to its admissibility.

---

[1] Section 673.1041, Florida Statutes (2016) provides in pertinent part:

(1) Except as provided in subsections (3), (4), and (11), the term "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
(a) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
(b) Is payable on demand or at a definite time; and
(c) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
1. An undertaking or power to give, maintain, or protect collateral to secure payment;
2. An authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
3. A waiver of the benefit of any law intended for the advantage or protection of an obligor.

5

The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. (2016). Authentication requires merely a prima facie showing "that the evidence is what the proponent purports it to be." Mullens v. State, 197 So. 3d 16, 27 (Fla. 2016). Once that prima facie showing has been made, the evidence is admissible, and the ultimate question of authenticity is for the factfinder. Gosciminski v. State, 132 So. 3d 678 (Fla. 2013).

At trial, the parties stipulated to the admission of *inter alia*, the original note, mortgage, assignment of mortgage, notice of default, and payment history. The Bank sought admission of a duplicate of the loan modification agreement. The loan modification agreement was signed by Garcia, and contained a notary stamp and the signature of that notary. Garcia objected to the introduction of the duplicate, citing as a basis the Best Evidence Rule. The trial court sustained the objection and excluded the duplicate. Garcia did not raise any question regarding the authenticity of the original nor contend that it was unfair under the circumstances to admit the duplicate in lieu of the original.

Garcia contends here, as he did below, that the duplicate of the loan modification agreement was inadmissible because it is a negotiable instrument and that, under section 90.953, the Bank was required to introduce the original rather than a duplicate. We reject Garcia's premise and hold that the loan modification

6

agreement is not a negotiable instrument; therefore, the Bank was entitled under section 90.953 to introduce a duplicate of the original loan modification agreement and was not required to introduce the original. As our sister court concluded in Liukkonen v. Bayview Loan Servicing, LLC, 43 Fla. L. Weekly D663 *2 (Fla. 4th DCA Mar. 28, 2018):

> A modification to a note, while "as much a part of the parties' agreement [i.e., its terms] as the original note," Rattigan [v. Central Mortgage Co.], 199 So. 3d 966, 967 [(Fla. 4th DCA 2016)], is not, itself, a negotiable instrument. See § 673.1041, Fla. Stat. (2016); see also § 673.1171, Fla. Stat. (2016). Like a mortgage, it "may thus be proved by using a properly authenticated duplicate." [Deutsche Bank Nat'l Tr. Co. v.] Clarke, 87 So. 3d 58, at 61 (Fla. 1st DCA 1985) (quoting Perry v. Fairbanks Capital Corp., 888 So. 2d 725, 727 (Fla. 5th DCA 2004)). No explanation as to why the original was unavailable is required.[2]

---

[2] While Garcia and the trial court relied upon Rattigan v. Central Mortgage Co., 199 So. 3d 966 (Fla. 4th DCA 2016), that decision is inapplicable to the instant case. In Rattigan, the Fourth District held that the bank violated the best evidence rule by foreclosing under the terms of a modification without introducing into evidence the original **or a copy** of the modification. Id. at 967. Instead, a witness merely testified to the terms and contents of the loan modification. Rattigan held: "Without the agreement itself in evidence, testimony regarding the contents of the agreement is not permitted." Id. (citing J.H. v. State, 480 So. 2d 680, 682 (Fla. 1st DCA 1985)). And while not a part of the strict holding, the Rattigan court further observed: "The Bank violated the best evidence rule by virtue of its failure to introduce the modification at trial (either the original or a duplicate with an explanation as to why the original note was unavailable) . . . ." Id. The Fourth District in Liukkonen subsequently clarified this parenthetical in Rattigan, characterizing it as *dicta* and holding that a modification to a note "may thus be proved by using a properly authenticated duplicate" and that "[n]o explanation as to why the original was unavailable is required." Liukkonen v. Bayview Loan Servicing, LLC, 43 Fla. L. Weekly D663 at *2 (Fla. 4th DCA Mar. 28, 2018).

See also <u>Wright v. Deutsche Bank Nat'l Trust Co.</u>, 43 Fla. L. Weekly D913 (Fla. 4th DCA April 25, 2018). But see <u>McCampbell v. Fed. Nat'l Mortg. Ass'n</u>, 2D16-177 (Fla. 2d DCA May 30, 2018).

We agree with our sister court's analysis in <u>Liukkonen</u> and hold that a loan modification agreement is not a negotiable instrument and a duplicate, if properly authenticated, is admissible to the same extent as the original and without need for an explanation as to why the original was unavailable. The trial court thus erred in determining that the loan modification agreement was a negotiable instrument and that a duplicate was inadmissible under sections 90.952 and 90.953.

#### **Dismissal of the Action Based Upon the Statute of Limitations**

We further hold that the trial court erred in concluding that the action was barred by the statute of limitations. The verified complaint alleged that "Garcia has defaulted under the covenants, terms and agreements of the Note in that the payment due April 1, 2008, ***and all subsequent payments***, have not been made." (Emphasis added.) It is well-settled that this allegation was sufficient to withstand Garcia's statute of limitations challenge, and the trial court erred in dismissing the action on this basis. As the Florida Supreme Court held in <u>Bartram v. U.S. Bank, N.A.</u>, 211 So. 3d 1009, 1019 (Fla. 2016), "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and

8

mortgage." See Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938, 945 (Fla. 3d DCA 2016) (en banc) (holding that, even if the alleged initial default date was more than five years before the complaint was filed, the action was not barred by the statute of limitations where "the bank alleged the failure to pay the October 1, 2006 installment payment 'and all subsequent payments.'")

We have followed the principles established in Bartram and Beauvais in several decisions indistinguishable in all material respects from the instant case. Dhanasar v. JPMorgan Chase Bank, N.A., 201 So. 3d 825, 826 (Fla. 3d DCA 2016) (holding: "Because the Bank's complaint specifically alleged that Dhanasar had failed to pay the April 2008 payment *and all subsequent payments*, and the action was filed within the five years of default payment . . . the action survived the asserted statute of limitations bar"); Arnoux v. Bank of New York, 193 So. 3d 82, 83 (Fla. 3d DCA 2016) (reaffirming our holding in Beauvais that "the five-year statute of limitations in foreclosure actions does not bar a second foreclosure lawsuit filed on a subsequent payment default if that subsequent default occurred within the five-year period preceding the commencement of the second foreclosure lawsuit.") See also Wells Fargo Bank, N.A. v. Rendon, 43 Fla. L. Weekly D834 (Fla. 3d DCA April 18, 2018); Nationstar v. Silva, 239 So. 3d 782 (Fla. 3d DCA 2018); Bank of New York Mellon v. Anton, 230 So. 3d 502 (Fla. 3d DCA 2017).

The trial court's (and Garcia's) reliance upon our decision in Collazo v. HSBC Bank USA, N.A., 213 So. 3d 1012 (Fla. 3d DCA 2016) is misplaced, as the foreclosure action in that case was based not upon an allegation of a continuing default (i.e., April 1, 2008 and all subsequent payments), but rather upon an allegation of a single default date that fell outside the statute of limitations period.

## CONCLUSION

The trial court erred in entering a final judgment of dismissal in favor of Garcia. We reverse the final judgment and remand for a new trial and for further proceedings consistent with this opinion.