# Third District Court of Appeal
## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0777
Lower Tribunal No. 21-26593-SP-05
_____


**Universal X Rays, Corp.,
a/a/o Miguel Larosa-Ferrer,**
Appellant,

vs.

**United Automobile Insurance Company,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellant.

Cole, Scott & Kissane, P.A., and Michael A. Rosenberg and Amanda H. Wasserman, for appellee.


Before LINDSEY, GORDO, and GOODEN, JJ.

LINDSEY, J.

Appellant (Plaintiff below), Universal X Rays, Corp., as assignee of Miguel Larosa-Ferrer (the "Insured"), appeals from a Final Summary Judgment entered in favor of Appellee (Defendant below), United Automobile Insurance Company in the underlying action for Personal Injury Protection benefits. The trial court determined that there was no genuine dispute that the Insured misrepresented his address on his Policy Application. And, consequently, there was no coverage. Because the unrebutted summary judgment evidence established that the Insured made a material misrepresentation, we affirm.

## I.    BACKGROUND

In July 2020, the Insured was involved in a motor vehicle accident. Universal provided medical treatment, and the Insured assigned all rights under his United Auto Insurance Policy to Universal.

As required by the Policy, United Auto took the Insured's Examination Under Oath ("EUO"). See § 627.736(6)(g), Fla. Stat. (2025) ("An insured seeking benefits . . . must comply with the terms of the policy, which include, but are not limited to, submitting to an examination under oath."). The EUO was conducted via videoconference before a court reporter and notary public. The Insured's attorney and an interpreter were also present. During the EUO, the Insured admitted that he moved to a new address shortly

2

before signing the Policy Application. The address on the Policy Application was the Insured's old address, not his current address.

About two months after the EUO, United Auto sent the Insured a letter disclaiming coverage because he had misrepresented his primary residence on the Policy Application. See § 627.409(1), Fla. Stat. (2025) ("[A] misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy . . . ."). The letter further stated that "[h]ad we been aware of the proper information regarding the . . . garaging address, we would have either not have issued the policy or we would have issued it at a substantially higher premium." In December 2020, United Auto sent the Insured a Notice of Rescission and a check returning his insurance premium.

At the end of December 2020, Universal sent United Auto a demand letter. United Auto responded by informing Universal that coverage had been denied due to a material misrepresentation in the Policy Application. In January 2021, Universal sued for breach of the Policy. United Auto raised material misrepresentation as an affirmative defense.

In November 2022, United Auto moved for summary judgment on its affirmative defense. In support, United Auto relied on the Insured's EUO, which indicated that his current address was not the address provided in the

3

Policy Application.[1]  In response, Universal argued that no admissible evidence established a material misrepresentation.  Universal's only summary judgment evidence was a deposition transcript of United Auto's litigation adjuster.  Nothing in this deposition disputes the Insured's EUO.

At the hearing on its Motion for Summary Judgment, United Auto argued it was undisputed that the Insured misrepresented his address on the Policy Application.  Universal argued that the Insured's EUO was inadmissible hearsay and was not provided to the Insured as required by section 92.33, Florida Statutes (2025).  The trial court determined that the EUO was admissible summary judgment evidence and that no violation of section 92.33 had occurred.  Because Universal failed to otherwise contest the Insured's EUO, the trial court entered Final Summary Judgment for United Auto.

Following the denial of its motion for rehearing, Universal timely appealed.

## II.    ANALYSIS

---

[1] United Auto also attached and relied on the Policy and Application; its underwriting supervisor's affidavit; its litigation adjuster's affidavit; the letter disclaiming coverage; the Notice of Rescission and returned checks; and its response to Universal's demand letter.

On appeal, Universal does not point to any summary judgment evidence disputing the Insured's EUO.  Instead, Universal argues that none of United Auto's summary judgment evidence was admissible.  Though Universal addresses every document United Auto submitted in support of summary judgment, we need only address the dispositive EUO.  Universal argues that the EUO was inadmissible summary judgment evidence for two reasons: (1) it was hearsay, and (2) a copy was never provided to the Insured as required by section 92.33.  We address these two arguments in turn.

1. Hearsay

Universal argues that the Insured's EUO is inadmissible summary judgment evidence because it is hearsay.  That is, it is an out-of-court statement, and it was offered to prove the truth of the matter asserted.  See § 90.801(1)(b), Fla. Stat. (2025) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

We generally review evidentiary rulings under the abuse of discretion standard; however, to the extent a trial court's ruling is based on the interpretation of legal authorities, our review is de novo.  See, e.g., Bank of New York Mellon v. Garcia, 254 So. 3d 565, 567 (Fla. 3d DCA 2018).

In 2021, Florida adopted the federal summary judgment standard. <u>See</u> Fla. R. Civ. P. 1.510(a) ("The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard."); <u>In re Amends. to Fla. R. of Civ. P. 1.510</u>, 317 So. 3d 72 (Fla. 2021). In doing so, the Florida Supreme Court "largely adopt[ed] the text of federal rule 56 as a replacement for rule 1.510." <u>In re Amends.</u>, 317 So. 3d at 74. This provides Florida litigants and judges with "the full benefit of the large body of case law interpreting and applying federal rule 56." <u>Id.</u> at 74-75.

Summary judgment is a method "to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." <u>Fuentes v. Link</u>, 394 So. 3d 684, 686 (Fla. 3d DCA 2024) (quoting <u>The Florida Bar v. Greene</u>, 926 So. 2d 1195, 1200 (Fla. 2006)). Because summary judgment is a *pretrial proceeding*, it is no surprise that summary judgment evidence often takes the form of an out-of-court statement. Indeed, Rule 1.510(c)(1)(A) lists various out-of-court materials that can be used in support of summary judgment, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

6

purposes of the motion only), admissions, interrogatory answers, or other materials[.]"

We therefore reject Universal's argument that the Insured's EUO is inadmissible summary judgment evidence simply because it was made outside of court and offered for the truth of the matter asserted. Under Florida's summary judgment standard, which mirrors the federal standard, hearsay may be used *so long as it can be presented in admissible form at trial*. See Fla. R. Civ. P. 1.510(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").[2]

As the Eleventh Circuit Court of Appeals has explained:

> "[A] district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." [Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999)].
>
> The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial.

---

[2] To be clear, this does not mean that inadmissible hearsay contained within the material supporting summary judgment is admissible. See Sentz v. Bonefish Grill, LLC, 379 So. 3d 1, 3 (Fla. 4th DCA 2023) ("Inadmissible hearsay may not be used to defeat a motion for summary judgment when the hearsay 'will not be available in admissible form at trial.'") (quoting McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996), aff'd sub nom., McMillian v. Monroe County, 520 U.S. 781 (1997)).

Jones v. UPS Ground Freight, 683 F.3d 1283, 1293–94 (11th Cir. 2012); see also STEVEN S. GENSLER, 2 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY § 56:41 (2025) ("The relevant question is not the admissibility of the evidence's current form but whether it can be presented in an admissible form at trial.").

Here, the Insured's admitted misrepresentation in his EUO could be reduced to admissible form if the Insured were to testify directly at trial. It is therefore proper summary judgment evidence. Moreover, because Universal did not offer any evidence of its own to dispute this, the trial court did not err in granting summary judgment based on the Insured's EUO. See Fla. R. Civ. P. 1.510(e)(3).

2. Section 92.33

Universal also argues the EUO was inadmissible because a copy was not provided to the Insured in violation of section 92.33. Under the statute, "[e]very person who shall take a written statement by any injured person with respect to any accident or with respect to any injury to person or property shall, at the time of taking such statement, furnish to the person making such statement a true and complete copy thereof." § 92.33, Fla. Stat. (2025). The statute further explains that such a written statement is inadmissible if a copy

was not provided to the declarant at the time it was made or if a copy was not provided when requested:

> No written statement by an injured person shall be admissible in evidence or otherwise used in any manner in any civil action relating to the subject matter thereof unless it shall be made to appear that a true and complete copy thereof was furnished to the person making such statement at the time of the making thereof, **or, if it shall be made to appear that thereafter a person having possession of such statement refused, upon request of the person who made the statement or his or her personal representatives, to furnish him or her a true and complete copy thereof.**

Id. (emphasis added)

We note that the Insured's EUO was not merely a statement taken by United Auto. It was a sworn statement by the Insured, with counsel present, transcribed by a court reporter and notary public. Universal has cited no authority holding that such an EUO is a written statement under section 92.33. But assuming, *arguendo*, that this section applies, there are no allegations that United Auto refused to furnish a copy of the statement to the Insured when requested. And it is undisputed that Universal received a copy. We therefore reject Universal's argument that the Insured's EUO was inadmissible under section 92.33.

**III.    CONCLUSION**

Because the Insured's EUO was admissible summary judgment evidence and Universal failed to present any counter evidence to dispute the Insured's sworn admission that he made a material misrepresentation in his Policy Application, we affirm.

Affirmed.