BLD-390                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1042
_____

KHALEEM ASIATIC ALLAH-BEY,
Appellant

v.

BRETT A. ROBERTS; STEVEN M. JONES; KENNETH S. BOOTH; DOUGLAS W.
BUSK; CREDIT ACCEPTANCE CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-04540)
District Judge: Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal for Jurisdictional Defect or Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2016

Before:  KRAUSE, SCIRICA, and FUENTES, Circuit Judges

(Opinion filed:  September 16, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Khaleem Asiatic Allah-Bey appeals from the District Court's order dismissing his complaint. Because the appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Allah-Bey filed a complaint in the District Court against Credit Acceptance Corporation and several of its corporate officers (collectively "Credit Acceptance"). In the complaint, Allah-Bey stated that he failed to make payments after entering into an installment agreement with Credit Acceptance to purchase an automobile. Allah-Bey alleged that the loan was deceptive and fraudulent because it "resembled" a process "where the borrower funds his own loan," that "no consideration was provided," and that "the loan was entered as a liability and an asset" by Credit Acceptance. Allah-Bey also alleged that Credit Acceptance reported the delinquency to three credit bureaus, which damaged Allah-Bey's reputation and credit-worthiness.

Credit Acceptance moved to dismiss the complaint for failure to state a claim upon which relief could be granted. After briefing on the motion to dismiss, the District Court dismissed Allah-Bey's complaint with prejudice in a single order that also set out the reasoning for the dismissal. In sum, the District Court observed that Allah-Bey's legal theory—i.e., that Credit Acceptance did not actually lend Allah-Bey any money since it treated his promise to pay as an asset—is identical to the "vapor money" legal theory that numerous federal courts have rejected as frivolous.

After the District Court dismissed the complaint on December 3, 2015, Allah-Bey filed a notice of appeal on January 7, 2016. On appeal, Credit Acceptance has argued

2

that Allah-Bey's appeal is untimely under Federal Rule of Appellate Procedure 4(a)(1)(A) because it was filed more than 30 days after the dismissal order, and has thus moved that we dismiss the appeal for want of appellate jurisdiction.

That motion, however, disregards Federal Rule of Civil Procedure 58(a), which requires that District Courts set out their judgments in separate documents. When the judgment is not set out in a separate document, the time of entry of judgment is deemed to be when 150 days have run from order date in the civil docket. Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7). Here, the District Court issued a single order on December 3, 2015, that dismissed Allah-Bey's complaint and explained its reasons for the dismissal. See In re Cendant Corp., 454 F.3d 235, 241 (3d Cir. 2006) ("[A]n order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or substantially omit) the District Court's reasons for disposing of the parties' claims."). Consequently, judgment was not deemed entered until 150 days later, on May 1, 2016. Allah-Bey's notice of appeal was therefore timely filed on January 7, 2016.

Although the appeal is timely, there is no substantial question that the District Court was correct to dismiss Allah-Bey's complaint for failure to state a claim. The complaint was subject to dismissal "if the pleading [did] not plausibly suggest an entitlement to relief," and our review of that question is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (per curiam). A complaint plausibly suggests an

entitlement to relief when its factual allegations allow a court to draw the reasonable inference that a defendant is liable for the harm alleged. Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010). We construe Allah-Bey's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and may affirm the judgment on any basis that the record supports, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We will summarily affirm the District Court's order if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In this case, Allah-Bey's complaint conceded that Credit Acceptance offered him a loan to purchase an automobile, and conceded that he stopped making payments under that agreement. Allah-Bey's justification for failing to make those payments was his assertion that the installment agreement was deceptive and fraudulent, but that assertion depended on "conclusory statements" that cannot support any viable cause of action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Allah-Bey offered no basis for his assertion that Credit Acceptance essentially loaned his own money back to him, and the facts that he set out did not support any valid legal theory entitling him to relief.

Consequently, Credit Acceptance's motion to dismiss the appeal is denied, but the appeal presents no substantial question and we will affirm the District Court's judgment.

4