[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11806

Non-Argument Calendar

_____

GREGORY C. PRICE,

Plaintiff-Appellant,

versus

LAKEVIEW LOAN SERVICING, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cv-00655-JES-MRM

_____

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory C. Price, proceeding *pro se*, appeals the district court's dismissal of his amended complaint alleging fraud, breach of contract, and other claims related to his mortgage debt. Mr. Price alleged that a mortgage and note provided by Lakeview Loan Servicing, LLC, which recorded a mortgage debt owed by Mr. Price, were fraudulent. He also alleged that Lakeview agreed to have the debt paid off through a "credit agreement" from him, which it allegedly accepted by failing to return the "agreement" to him. The district court dismissed all of Mr. Price's claims for failure to state a claim upon which relief can be granted and it also dismissed the counts based on Mr. Price's alleged "credit agreement" as frivolous. On appeal, Mr. Price argues that the dismissal of his claims was improper and violated his Seventh Amendment right to a jury trial. We disagree and affirm.

I

Because we write for the parties and assume their familiarity with the record, we set out only what is necessary to explain our decision.

On August 29, 2013, Mr. Price executed a promissory note for $142,348.00 to secure a mortgage for real property located in Englewood, Florida. The mortgage was given to Mortgage Electronic Registration Systems, Inc. ("MERS"), which recorded it with

the clerk of court in Charlotte County, Florida. The servicing rights for the mortgage were subsequently assigned to Lakeview Loan Servicing, LLC.

Mr. Price alleges that he saw on the MERS database that his mortgage was "given" to MERS, that this "separate[ed]" the mortgage and the note, and that this "bifurcation" makes both the mortgage and note fraudulent. After suspecting "anomalies" with the mortgage and note, Mr. Price requested that Lakeview provide the "QWR validity report of the mortgage and NOTE" with original blue-ink signatures, but Lakeview never did. Because Lakeview never provided these documents, Mr. Price claims in Count I of his complaint that Lakeview is fraudulently attempting to collect an unverifiable mortgage debt.

In addition, Mr. Price alleges that he issued to Lakeview a self-generated "credit agreement" under which his original mortgage debt would become void and be replaced by a one-time payment of $1,250.00, which Lakeview could pick up at Mr. Price's home. The credit agreement was issued by Mr. Price as a "Licensed, Private Banker" and was signed by "Gregory C. Price: (father, son, holy ghost)." Mr. Price argues that he has the authority to issue this credit agreement under the "vapor money" theory, which goes something like this: the United States became a bankrupt entity when it went off the gold standard in 1933 and, because the country then backed its currency through the value of its citizens' private property, private citizens can create new money with their signature as creditors of the bankrupt system. Because Mr.

Price left the self-generated "credit agreement" in Lakeview's possession, he alleges that Lakeview accepted the agreement as payment. His remaining claims are predicated on Lakeview's continued efforts to collect the mortgage debt after "accepting" this credit agreement and include breach of contract (Count II), a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act (Count III), "lack of jurisdiction to collect as holder in due course" (Count IV), financial discrimination (Count V), and "other crimes" (Count VI).

## II

We review a grant of a motion to dismiss for failure to state a viable claim *de novo*, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). Federal courts also construe *pro se* litigants' filings liberally. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Federal Rules of Civil Procedure require only a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the claim is and

the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To survive dismissal, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *See id.* A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.*

When a plaintiff alleges fraud in federal court, Federal Rule of Civil Procedure 9(b) requires that he allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [him]; and (4) what the defendant[] gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). Here, Mr. Price makes no such allegations. He questions the "physical unity" of the mortgage and note and believes that Lakeview's copies may be "counterfeit," but he does not allege that the assignment to Lakeview was improper or that multiple creditors are attempting to collect the same debt.

Under Florida law, a mortgage and note should be read together, but they are still separate instruments. *See WVMF Funding v. Palmero*, 320 So. 3d 689, 694 (Fla. 2021). The promissory note "is the operative instrument in a mortgage loan transaction" representing the terms of payment, while the mortgage "secures" that

6                    Opinion of the Court                    21-11806

payment in the event of default.  *See id.* (citing *HSBC Bank USA, N.A. v. Perez*, 165 So. 3d 696, 699 (Fla. 4th DCA 2015)).  In other words, the "bifurcat[ed]" nature of a note and mortgage is par for the course and not the basis for a fraud claim.

Moreover, Mr. Price does not explain how Lakeview's failure to send him original, "blue-ink" versions of his mortgage and promissory note defrauded him.  Under Florida law, a party seeking to enforce a negotiable instrument such as a promissory note must produce an original copy of the instrument at trial.  *See Heller v. Bank of Am., NA*, 209 So. 3d 641, 644 (Fla. 2d DCA 2017).  But Mr. Price never explains how Lakeview's failure to do so here "misled" him or conveyed some benefit to Lakeview such that he was defrauded.  *See Brooks*, 116 F.3d at 1380.  We therefore affirm the dismissal of Count I.[1]

III

---

[1] Mr. Price has also filed a motion to supplement the record with material not presented to the district court.  Although we have the equitable power to do so, we rarely supplement the record with material not before the district court. *See Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).  We consider whether (1) supplementation would establish beyond any doubt the proper resolution of the pending issue; (2) remanding for the district court to consider the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) the opposing party has objected to supplementation. *See Ross v. Kemp*, 785 F.2d 1467, 1475 (11th Cir. 1986).  Though Lakeview has not opposed Mr. Price's motion, we find that supplementation would not aid the resolution of this case and would be contrary to the efficient use of judicial resources.

We review the dismissal of a claim as frivolous for abuse of discretion. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous if it lacks an arguable basis in law or fact. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

We find no abuse of discretion in the district court's dismissal of Counts II through VI as frivolous because they are all based on the alleged "credit agreement" Mr. Price made pursuant to the "vapor money" theory. This theory is nonsensical and fundamentally misunderstands how negotiable instruments work. Claims founded on it are routinely dismissed by federal courts as frivolous. *See, e.g., Allah-Bey v. Roberts*, 668 F. App'x 419, 420 (3d Cir. 2016) (affirming the district court's dismissal of the plaintiff's complaint where his theory was "identical to the 'vapor money' legal theory that numerous federal courts have rejected as frivolous"); *In re Ward*, 583 B.R. 558, 572 (Bankr. S.D. Ga. 2018) (declining to issue a declaratory judgment based on the "vapor money" theory and noting that "every federal court that has considered this theory has rejected it"); *Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014) ("Courts in this district have routinely rejected the 'vapor money' theory as frivolous."); *Gallant v. Deutsche Bank Nat. Tr. Co.*, 766 F. Supp. 2d 714, 722 (W.D. Va. 2011) (noting that courts have "uniformly rejected" claims based on the "vapor money" theory); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 209 (D. Conn. 2010) (rejecting fraud and statutory claims based on the "vapor money" theory). The district court did not abuse its

discretion in dismissing as frivolous Mr. Price's claims founded on this theory.

## IV

There are many other reasons to affirm the district court's thorough order of dismissal. For example, the district court properly held that Count VI was improperly pled as it lumped multiple claims together in a single count. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (failing to separate causes of action into different counts fails to give the defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests" and warrants dismissal). In addition, each of Mr. Price's counts fails to state a claim under Rule 12(b)(6) for the reasons explained in the district court's opinion.

And on top of all this—though we have elected to affirm the district court's judgment on its merits—Mr. Price has abandoned any challenge to the district court's dismissal of his complaint as frivolous or for failure to state a viable claim because he never made any legal or factual arguments addressing the district court's order on appeal. Mr. Price lists critiques of the opinion in his statement of issues, but his arguments discuss nothing besides the "vapor money" theory. Issues not briefed on appeal are, of course, deemed abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Because Mr. Price makes only "passing references" to his other arguments—those that do not involve the "vapor money" theory—and raises them in "a perfunctory manner without supporting arguments and authority," he has abandoned

21-11806            Opinion of the Court                    9

them. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

IV

For all these reasons, we affirm the district court's dismissal of Mr. Price's complaint with prejudice.

**AFFIRMED.**